UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIROSLAW PASTERNAKIEWICZ, AND ALL OTHERS
SIMILARLY SITUATED;

                                                Plaintiff,            **COMPLAINT**

                  -against-            **JURY TRIAL DEMANDED**

LUXOR ESTATES CONDOMINIUM ASSOCIATION,

                              Defendant.
------------------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid wages, liquidated damages, reasonable attorney fees and costs from the Defendant, for whom the Plaintiff performed work.

2. Plaintiff was a construction worker employed by Lucor Estates Condominium Association at their location in upstate, New York. Plaintiff regularly worked overtime and was not paid an overtime premium for his work, despite not being exempt from the overtime laws of New York State and under the FLSA.

## JURISDICTION AND VENUE

3. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

4. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendant conducts business there and the cause of action arose there.

## THE PARTIES

7. Plaintiff MIROSLAW PASTERNAKIEWICZ ("Plaintiff") resides in Monroe, New York.

8. Upon information and belief, Defendant LUXOR ESTATES CONDOMINIUM ASSOCIATION ("Defendant") is a corporation formed in the State of New York and is located at 39 Broadway, 25th Floor, New York, NY 10006.

## BACKGROUND FACTS

9. Defendant is an "employer" under the FLSA.

10. Defendant is an "employer" under the New York Labor Law ("NYLL").

11. During any period of time whatsoever between April 1, 2012, through August 1, 2018, Defendant had the ability to perform one or more of the following actions: (1) hire Plaintiff, (2) terminate Plaintiff's employment, (3) set Plaintiff's wage rate, (4) maintain Plaintiff's

    payroll records, or (5) institute work rules for Plaintiff to follow.

12. Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

13. Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff.

**PLAINTIFF PASTERNAKIEWICZ:**

14. Plaintiff started working for Defendant in April 2012.

15. Plaintiff stopped physically working for Defendant in June 2018.

16. Defendant terminated Plaintiff's employment around August 1, 2018.

17. During his entire tenure of employment with Defendant, Plaintiff was a construction worker.

18. Defendant hired Plaintiff to build and repair housing and other structures in its vacation lodging in upstate New York.

19. Plaintiff performed work for Defendant during the 2018 calendar year.

20. Plaintiff performed work for Defendant during the 2017 calendar year.

21. Plaintiff performed work for Defendant during the 2016 calendar year.

22. Plaintiff performed work for Defendant during the 2014 calendar year.

23. Plaintiff performed work for Defendant during the 2013 calendar year.

24. Plaintiff performed work for Defendant during the 2012 calendar year.

25. Defendant paid Plaintiff a weekly.

26. Defendant paid Plaintiff by check.

27. Defendant issued Plaintiff a W2 each year he was employed by Defendant.

28. Defendant classified Plaintiff as an employee, not as an independent contractor.

29. Defendant paid Plaintiff hourly.

30. Plaintiff regularly worked more than 40 hours in a workweek while employed by Defendant, and Defendant did not properly compensate him for the overtime work by paying 1.5x Plaintiff's regular hourly wage rate.

31. Plaintiff worked an average of 57 hours a week while employed by Defendants.

32. Defendant only paid Plaintiff his straight time hourly wages for each hour worked.

33. Defendant never paid Plaintiff an overtime premium.

34. Plaintiff was not exempt from the NYLL overtime provisions while working for Defendant.

35. Plaintiff was a covered employee within the meaning of the NYLL while working for Defendant.

36. Plaintiff did not have the authority to hire employees of Defendant, set wage rates, discipline employees, or record or keep track of employee work hours.

### Collective Action Allegations

37. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of:

    **All construction employees employed by the Defendant between September 20, 2015, and September 20, 2018, who were not paid overtime for hours worked over 40 in the workweek as required under the FLSA (the "FLSA Class").**

    **Plaintiff reserves the right to redefine the FLSA Class as necessary and proper as litigation proceeds.**

38. Plaintiff desires to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

39. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as construction workers under Defendant's previously described common pay practices and, because of such practices, were not paid the full and legally-mandated overtime wage for hours worked. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation, timekeeping, and payroll practices.

40. Specifically, Defendant typically paid Plaintiff and the FLSA Class by paying them their straight time hourly wages for all hours worked, and not paying an overtime premium.

41. The Similarly-Situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records and the records of any payroll company that Defendant uses. Defendant employs FLSA Class Members through the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means and should be allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

### FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal- 29 USC 201 et. seq.)

42. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

43. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations apply to Defendant and protect the Plaintiff.

44. Defendant failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

45. Because of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

46. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(Failure to pay overtime)**
**(NY STATE)**
**(12 N.Y.C.R.R §142-2.2)**

48. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

49. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

50. Defendant failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

51. By Defendant's knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

52. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendant.

**THIRD CAUSE OF ACTION**
**NYLL §191**
**Failure to pay wages**

53. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

54. Under NYLL §191, an employer is required to pay an employee within one week of the services performed by the employee.

55. Defendant failed to pay the Plaintiff his wages as required by NYLL §191 by not paying his wages for years.

56. Because of Defendant's unlawful withholding of wages, Plaintiff suffered harm.

## FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY Lab. Law §198(1-b))

57. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

58. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendant willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

59. Due to Defendant's violation of NYLL §195(1), Plaintiff is entitled to recover from Defendant liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the 29 U.S.C §210 et. seq. and the supporting United States Department of Labor regulations;

D. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

E.  Unpaid wages pursuant to NYLL §198 et. seq. and an additional and equal amount as liquidated damages pursuant to the NYLL.

F.  Statutory damages under NYLL §198(1-b) up to a maximum of $5,000;

G.  Pre-judgment interest and post-judgment interest;

H.  Reasonable attorney fees and costs of the action;

I.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.
.

Dated:   White Plains, New York
         September 19, 2018

EL-HAG & ASSOCIATES, P.C

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com